UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PAUL C. BOLIN, E88100,<br><br>                   Petitioner. | Case No. 18-cv-04648-CRB (PR)<br>**ORDER DISMISSING PETITION AND CLOSING CASE**<br>(ECF No. 4) |

Petitioner, a California state prisoner incarcerated at San Quentin State Prison's (SQSP) death row, has filed a pro se petition for equitable relief challenging the validity of his 1991 conviction and death sentence from Kern County Superior Court. Petitioner also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

Petitioner asserts that the instant petition is an "independent equitable action for relief" brought "under, and pursuant to, Rule 60(b)(3) and (4) of the Federal Rules of Civil Procedure," ECF No. 1 at 1, because he presumably does not want to be subjected to the requirements applicable to habeas actions under 28 U.S.C. § 2254, such as an order from the court of appeals authorizing the district court to consider a second or successive petition, see 28 U.S.C. § 2244(b)(3)(A). His prior represented habeas action under § 2254 was denied on the merits by the United States District Court for the Eastern District of California on June 9, 2016. See Bolin v. Davis, No. 1:99-cv-05279-LJO-SAB (E.D. Cal. June 9, 2016) (ECF Nos. 350 & 351).

Unfortunately for petitioner, it is well established that "§ 2254 is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention." White v. Lambert, 370 F.3d 1002, 1007 (9th Cir. 2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 553-54 (9th Cir. 2010) (en banc). When a state "'prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what [] label the prisoner has given the case.'" Id. (quoting Walker v. O'Brien, 216 F.3d 626, 723 (7th Cir. 2000)).

The court will not construe the instant petition as a habeas action under § 2254 because petitioner does not appear to want to bring this action under § 2254. But because petitioner's exclusive avenue for challenging the validity of his state court conviction and death sentence is a habeas action under § 2254, and petitioner already has sought and been denied relief under § 2254 in the Eastern District of California, the instant petition is DISMISSED without prejudice to his seeking an order from the Ninth Circuit authorizing the United States District Court for the Eastern District of California to consider a second or successive petition under § 2254.

The clerk is instructed to close the case and terminate all pending motions as moot. But based solely on his affidavit of poverty, petitioner's application for leave to proceed IFP (ECF No. 4) is GRANTED.

**IT IS SO ORDERED**.

Dated: September 13, 2018

_____
CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOLIN,<br><br>        Plaintiff,<br><br>   v.<br><br>,<br><br>        Defendant. | Case No. 3:18-cv-04648-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 13, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Paul C Bolin ID: E-88100
SQSP 3EY12
San Quentin State Prison
San Quentin, CA 94974

Dated: September 13, 2018

                                            Susan Y. Soong
                                            Clerk, United States District Court

                                            By:_____
                                            Lashanda Scott, Deputy Clerk to the
                                            Honorable CHARLES R. BREYER